**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | | |
|---|---|---|
| EVER CAX, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Case No. 9:26-cv-840-JDK |
| | § | |
| ALEXANDER SANCHEZ, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

In June 2025, U.S. Immigration and Customs Enforcement detained Ever Cax under 8 U.S.C. § 1225(b)(2)(A) pending removal proceedings. Now before the Court is Ever Cax's habeas petition under 28 U.S.C. § 2241, which seeks immediate release or, alternatively, a bond hearing. Docket No. 1. For the reasons set forth below, the Court **DENIES** the petition.

To the extent Petitioner argues that he is entitled to relief by statute, the argument is foreclosed by *Buenrostro-Mendez v. Bondi*, which held that § 1225(b)(2)(A) mandates the detention without bond of unadmitted aliens like Petitioner for the duration of their removal proceedings. 166 F.4th 494, 508 (5th Cir. 2026). Petitioner makes several arguments for why his detention is not governed by § 1225(b)(2)(A). But all are unavailing. Petitioner first argues that his detention is governed by 8 U.S.C. § 1226(a) because *Buenrostro-Mendez* was wrongly decided. *See* Docket No. 1 at 23. Yet, he acknowledges *Buenrostro-Mendez* is controlling authority within this Circuit. *See id.* Next, he argues that *Buenrostro-Mendez* did not involve aliens who were previously detained and released. *Id.* at 23. But a previous release

from detention does not prevent Petitioner from being subjected to mandatory detention. *See Martinez Rodriguez v. Warden, Bluebonnet Det. Facility*, 2026 WL 278020, at *2, *7, *9 (N.D. Tex. Feb. 3, 2026) (concluding that an alien who was previously released on bond is still subject to mandatory detention). Nor does Petitioner's status as a T-visa applicant prevent his mandatory detention. While 8 C.F.R. § 1214.2(a) states that a T-visa applicant "who is in custody and requests bond or a bond redetermination will be governed by the provisions of [8 U.S.C. § 1226]," Petitioner concedes that he failed to request a bond hearing. *See* Docket No. 5 at 6–7. Section 1214.2(a) thus does not apply here, and the Court need not decide whether 8 C.F.R. § 1214.2(a) conflicts with § 1225(b)(2)(A). *See Djie v. Garland*, 39 F.4th 280, 285 (5th Cir. 2022) ("When a regulation attempts to override statutory text, the regulation loses every time—regulations can't punch holes in the rules Congress has laid down.").

Petitioner's argument under the Fifth Amendment's Due Process Clause is also foreclosed by recent precedent. *See Sosnava Rodriguez v. Vergara*, 2026 WL 3181188, at *14 (5th Cir. Oct. 23, 2026) (en banc) (holding that mandatory detention under § 1225(b)(2)(A) does not violate one's Fifth Amendment right to due process). Petitioner nevertheless argues that his due process rights were violated because Respondents obstructed him from attending a biometrics appointment necessary for processing his T-visa application. *See* Docket No. 1 at 20–21. According to Petitioner, if his T-visa application is successful, an automatic stay of any removal order will be issued. *Id.* at 12. No evidence suggests, however, that Respondents obstructed

Petitioner from attending the biometrics appointment. Rather, the record reflects that Petitioner failed to directly notify Respondents of the appointment. *See* Docket No. 4-5 at 3; Docket No. 1-12; Docket No. 1-11.

Finally, Petitioner's additional arguments are unavailing. *See Chi v. Warden, Bluebonnet Det. Facility*, 2026 WL 1062625, at *6 (N.D. Tex. Apr. 13, 2026) (explaining that *Accardi* claims are inapposite in habeas petitions); *Perez Arellano v. Cerna*, 827 F. Supp. 3d 954, 962 (N.D. Tex. 2026) (rejecting similar class-action argument).

Accordingly, the Petition for Writ of Habeas Corpus (Docket No. 1) is **DENIED**. All pending motions are **DENIED** as moot.

So **ORDERED** and **SIGNED** this **22nd** day of **November, 2026.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE